IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT H. ALAND,<br>Plaintiff,<br>vs.<br>DIRK KEMPTHORNE, et al.,<br>Defendants. | Case No. CV08-24-S-EJL<br>MEMORANDUM ORDER |

Plaintiff, Robert H. Aland,[1] has moved for summary judgment with regard to the Complaint's tenth claim for relief, arguing that the Federal Defendants[2] failed to satisfy a procedural requirement set forth in the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, when publishing the Grizzly Bear Final Agency Action on March 29, 2007 (the "Final Rule"). In the Final Rule, the U.S. Fish and Wildlife Service ("FWS") determined that the greater Yellowstone National Park population of grizzly bears constituted a distinct population segment that warranted delisting as a threatened species under the ESA. The Federal Defendants, in turn, have filed a motion for partial summary judgment that challenges the merits of Plaintiff's tenth claim for relief. The Court also has pending before it the Federal Defendants' Motion to Consolidate Cases and Motion for Protective Order, and the Plaintiff's Motion for Leave to File Sur-Reply. All motions are now ripe. Having fully

[1] Plaintiff is appearing *pro se*.

[2] The named defendants are H. Dale Hall, U.S. Fish and Wildlife Service Director, and Dirk Kempthorne, Secretary of the Interior.

reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

**Discussion**

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Adams v. Synthes Spine Co., 298 F.3d 1114, 1116-17 (9th Cir. 2002).

Any challenge to a final agency action is reviewed pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. Under the APA, a reviewing court must affirm an agency decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

1. Cross Motions for Partial Summary Judgment

Under the tenth claim for relief, the Plaintiff contends that because the Defendants failed to publish the Final Rule regarding delisting within a one-year period after the date of the general notice, as required by the ESA, the FWS must start over with the delisting process.[3] The Federal Defendants concede that the Final Rule was issued four and

[3] 16 U.S.C. § 1533(b)(6)(A), provides in relevant part that:
Within the one-year period beginning on the date on which general notice is published in accordance with paragraph (5) (A) (i) regarding a proposed regulation, the Secretary shall publish in the Federal Register--

one-half months after the one-year deadline expired but argue, first, that Plaintiff lacks standing to challenge the procedural irregularity and, in the alternative, that the untimely issuance of the Final Rule is not fatal to its effectiveness.

To satisfy the constitutional standing requirements of Article III a plaintiff must demonstrate that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." City of Sausalito v. O'Neill, 386 F.3d 1186, 1197 (9th Cir. 2004) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000)).

Federal Defendants contest only the redressabilty of Plaintiff's claim, arguing that because the Final Rule already has been issued "there is no effective relief left for the Court to grant." (Fed. Defs.' Mem. Supp. at 11). But Plaintiff, who alleges a violation of the ESA but brings his claim under the APA, seeks relief that requires the Federal Defenders to vacate the Final Rule and begin again with the regulatory process. This requested relief, of course, goes beyond the current status quo, and it is uncontested that this relief would redress the Plaintiff's alleged "imminent" and "concrete" injury.

The Federal Defendants maintain that the Court lacks the authority to award the Plaintiff's requested relief; that the Court may not enjoin the Final Rule. (Fed. Defs.'

---

> (i) if a determination as to whether a species is an endangered species or a threatened species, or a revision of critical habitat, is involved, . . .
>
> (I) a final regulation to implement such determination

. . . .

Mem. Supp. at 10-11). The APA, however, expressly provides that a court may "hold unlawful and *set aside* agency action . . . found to be . . . not in accordance with the law." 5 U.S.C. § 706(2) (emphasis added). Further, "[u]pon finding a violation of the ESA, courts have broad discretion to fashion injunctive relief." Center For Biological Diversity v. Kempthorne, No. CV-07-0038, 2008 WL 659822, at *13- (D. Ariz. Mar 06, 2008) (citing the APA and collecting Ninth Circuit case law to support decision to enjoin a final delisting rule). Pursuant to this authority, then, Plaintiff could potentially obtain the relief he seeks. This potential relief satisfies the redressabilty requirement and establishes Plaintiff's standing to raise the tenth claim for relief.

On the merits, however, the Plaintiff's tenth claim fails under the case law. Contrary to Plaintiff's insistence, the one year time frame for listing, downlisting or delisting a species is not a mandatory deadline. The Ninth Circuit has examined this very question and expressly concluded that there is no "specific indication that Congress intended the time frame to serve as a bar." Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1400 (9th Cir. 1995). Thus, "the passage of time does not render FWS's conduct arbitrary and capricious" and summary judgment must be granted in favor of the Federal Defendants on Plaintiff's tenth claim for relief. See id. at 1401.

2. Motion for Protective Order

Federal Defendants seek an order that would limit the Court's review to the administrative record and preclude the Plaintiff from conducting discovery. "Generally, judicial review of agency action is limited to review of the administrative record." Animal Def. Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir.1988), amended by, 867 F.2d 1244 (9th

Cir.1989). This is because the "task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." Hall v. Norton, 266 F.3d 969, 977 (9th Cir. 2001) (explaining further that the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").

Accordingly, discovery only will be permitted when a party makes a showing to justify expanding review beyond the record. Id. Extra-record evidence may be appropriate: "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." The Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005).

Plaintiff has failed to demonstrate that any of these limited exceptions are applicable to this case. In particular, the Plaintiff's concern regarding public comments does not establish an incomplete record. As the Federal Defendants explain, in making its decision the FWS relied on public comments for "information, data and comments concerning the status of grizzly bears in the Yellowstone ecosystem," and this was included in the Summary of Public Comments. (Fed. Defs.' Reply at 6). "[W]here the letters did contain new information, this information was treated separately, read, coded and entered into the Access database." (Id. at 6-7). To the extent that certain comments were inadvertently omitted due to a clerical error, they have now been made part of the record. (See docket no. 47).

Similarly, the Plaintiff's contention regarding withheld and privileged documents fails to identify any manner in which the Federal Defendants acted improperly or the relevance of such documents to a review of the agency's decision under the APA. Although, Plaintiff alleges inappropriate political influence, this allegation is merely speculation. See Hall, 266 F.3d at 977. Plaintiff "ha[s] not made the requisite showing for discovery outside the administrative record." Id. Accordingly, Federal Defendants' Motion for Protective Order will be granted.

3. Motion to Consolidate Cases

Pursuant to Federal Rule of Civil Procedure 42(a), the Federal Defendants request that the present action be consolidated with Western Watersheds Project v. Servheen, No. 07-CV-243-EJL (D. Id.) ("Western Watersheds"), also pending before this Court. The district court has "broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a)." Huene v. United States, 743 F.2d 703, 704 (9th Cir.1984). Critical here, the Court must "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Id.

In this regard, while the Court agrees with the Federal Defendants that this case and Western Watersheds Project present several "overlapping legal issues," the Court does not believe that consolidation, at least at this stage of the proceedings, would result in a savings of time and effort. In particular, the Plaintiff's litigation of this matter *pro se* could potentially and unnecessarily complicate the motion practice in Western Watersheds. Similarly, as the matters addressed in this Order demonstrate, Plaintiff is raising issues that are unique to this case and not at issue in Western Watersheds.

Therefore, the Court concludes that consolidation is not appropriate at this time. The Court may, however, revisit the matter pursuant to Rule 42(a)(1) after dispositive motions have been fully briefed in both cases.

**ORDER**

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that

1. The State of Wyoming's Motion for Limited Appearance to File Amicus Brief (docket no. 10) is **DENIED** as moot;

2. The Plaintiff's Motion for Leave to File Sur-Reply (docket no. 45) is **GRANTED**;

3. The Federal Defendants' Motion to Consolidate Cases (docket no. 7) is **DENIED** without prejudice to renewal following the completion of briefing on any dispositive motion;

4. The Federal Defendants' Motion for Protective Order (docket no. 33) is **GRANTED** as follows: Review of the agency's decision is limited to the administrative record filed with the Court, and pursuant to Federal Rule of Civil Procedure 26(c) discovery is not permitted;

5. The Plaintiff's Motion for Summary Judgment on the Tenth Claim for Relief (docket no. 3) is **DENIED**; and

6. The Federal Defendants' Motion for Partial Summary Judgment (docket no. 13) is **GRANTED** and summary judgment is granted in favor of the Federal Defendants on Plaintiff's tenth claim for relief.

**IT IS FURTHER ORDERED** that the parties shall adhere to the following scheduling deadlines: All dispositive motions shall be filed on or before September 2, 2008. Response briefs, if any, to a dispositive motion shall be due twenty-one (21) days from the receipt of the motion. Reply briefs, if any, shall be due ten (10) days from the receipt of the response brief. The parties are directed to follow Local Rule 7.1. The Court, upon a review of the pending motions, will determine whether a hearing is necessary.




DATED: **June 25, 2008**

Honorable Edward J. Lodge
U. S. District Judge