UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ROBERT H. ALAND,

              Plaintiff,

    v.

KEN SALAZAR, Secretary of the U.S.
Department of the Interior, et al.,

              Defendants,

   and

STATE OF WYOMING,

              Defendant-Intervenor.

Case No. 1:08-CV-00024-EJL

**ORDER**

**INTRODUCTION**

     Robert H. Aland, plaintiff appearing *pro se*, seeks judicial review of the U.S. Fish

and Wildlife Service's ("FWS" or "Service") decision that designated the Greater

Yellowstone Area ("GYA") population of grizzly bears as a distinct population segment

("DPS") and removed the GYA grizzly bear DPS from the list of endangered and

threatened species.  (Complaint ¶ 1, Dkt. No. 1.)  Aland's claims overlap with another

similar matter before this Court, *Western Watersheds Project v. Servheen*, No. 4:07-CV-

00243-EJL (D. Idaho filed June 4, 2007). As the Court has previously recognized, this case presents some unique issues not expressly raised by *Western Watersheds*. (Memorandum Order at 6, Dkt. No. 48.) Accordingly, the Court has, to date, not consolidated these two cases. *See id.*

Aland's claims are also similar to those litigated in *Greater Yellowstone Coalition v. Servheen*, which vacated the very rule Aland challenges here. *Greater Yellowstone Coalition v. Servheen*, 672 F. Supp. 2d 1105 (D. Mont. 2009). The FWS has appealed *Greater Yellowstone Coalition* to the Ninth Circuit. (Federal Defendants' Second Status Report at 1, No. 4:07-CV-00243, Dkt. No. 114.)

Thus, in light of that pending Ninth Circuit appeal, which has significant bearing on this case, the Court will stay this litigation. However, the Court will first address and resolve the numerous, pending, fully briefed non-dispositive motions before it. Additionally, the Court will deny, without prejudice and with leave to refile, the pending summary judgment motions also on file.

## BACKGROUND

On June 4, 2007, the plaintiffs in *Western Watersheds* filed their challenge to the FWS GYA grizzly delisting in this Court. (Complaint at 1, No. 4:07-CV-00243, Dkt. No. 1.) Then, on August 2, 2007, Aland filed this case in the District Court for the Northern District of Illinois. (Complaint at 1, Dkt. No. 1.) Finally, on November 13, 2007, the plaintiffs in *Greater Yellowstone Coalition* filed their action challenging the FWS GYA grizzly delisting. Complaint at 1, *Greater Yellowstone Coalition v. Servheen*, 672 F.

Supp. 2d 1105 (D. Mont. 2009).

On December 11, 2007, Judge James B. Zagel transferred this case from the Northern District of Illinois to this Court in response to an FWS motion. (Memorandum Opinion and Order at 11, Dkt. No. 1-3.) Judge Zagel decided to transfer this case primarily because *Western Watersheds* was filed earlier and because that case raises substantially the same issues as Aland. *See id.*

While this case and *Western Watersheds* have been pending, Judge Donald W. Malloy of the District of Montana decided *Greater Yellowstone Coalition*, granting summary judgment on two of the plaintiff's claims and vacating the FWS decision at issue here. *Greater Yellowstone Coalition*, 672 F. Supp. 2d at 1126-27. As a result of *Greater Yellowstone Coalition*, the FWS issued a new rule with the effect that

> any and all grizzly bears in the GYA are listed as a threatened species under the [Endangered Species Act]. Because the [Montana] Court vacated the entire delisting rule and remanded it to the Service, *there is no longer a GYA grizzly bear DPS.* Thus, *all grizzly bears in the lower 48 States are again listed as threatened.*

Reinstatement of Protections for the Grizzly Bear in the Greater Yellowstone Ecosystem in Compliance with Court Order, 75 Fed. Reg. 14,496, 14,498 (March 26, 2010) (internal citations omitted) (emphasis added).

## DISCUSSION

In light of *Greater Yellowstone Coalition* and the subsequent FWS rule "relisting" GYA grizzlies and "declassifying" them as a DPS, the very agency action Aland now challenges is not in effect. This, of course, causes the Court to question whether it has

jurisdiction over Aland's claims; indeed, Aland arguably now lacks standing and his claims arguably are moot. Nevertheless, the Court will simply stay, not dismiss, this case because *Greater Yellowstone Coalition* is on appeal and because a Ninth Circuit decision in favor of the FWS could breathe new life into Aland's claims. However, before ordering the stay, the Court will discuss the pending motions now before it.

## 1. Motions to Take Judicial Notice.

Aland has filed nine motions asking the Court to take judicial notice of various publications, writings, and webpages. (Motions to Take Judicial Notice, Dkt. Nos. 92, 97, 98, 121, 137, 140, 145, 146, 154.) To date, the FWS and Defendant-Intervenor State of Wyoming ("Wyoming") have responded to the first eight of those motions. The Court has reviewed those eight motions and will deny each.

### A. *Scope of Judicial Review.*

This case seeks judicial review under the Administrative Procedure Act ("APA") and the Endangered Species Act ("ESA"), (Complaint ¶ 1), and therefore this Court's factual analysis, with rare exception, is limited to the administrative record. A district court's review of informal agency actions subject to the APA's arbitrary and capricious standard of review, such as informal rulemaking, should focus on "the administrative record already in existence." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Generally, judicial review is limited to the record upon which the agency based its decision and filed with the court. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971) *overruled, in part, on other grounds by Califano v. Sanders*, 430 U.S. 99

(1977).

The Court's option to expand its review beyond the record is restricted to rare instances where extra-record evidence is necessary for adequate review. *Friends of the Payette v. Horseshoe Bend Hydroelectric Co.*, 988 F.2d 989, 997 (1993); *see also Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005) (enumerating the four limited circumstances in which district courts may admit extra-record evidence). Additionally, "[p]arties may not use 'post-decision information as a new rationalization either for sustaining or attacking [an] [a]gency's decision." *Ctr. for Biological Diversity v. U.S. Fish and Wildlife Serv*., 450 F.3d 930, 943 (9th Cir. 2006) (quoting *Ass'n of Pac. Fisheries v. E.P.A.*, 615 F.2d 794, 811-12 (9th Cir. 1980)).

**B. *Extra-record Evidence Unnecessary.***

The Court has reviewed each of Aland's first eight motions requesting judicial notice and determined none warrant admittance. The Court is sympathetic to Aland's deep-seated concerns about grizzly bears. However, the Court finds, considering the Ninth Circuit's enumerated exceptions, that none of Aland's proffered extra-record evidence is necessary for adequate judicial review. Moreover, most of Aland's extra-record exhibits provide post-decision information, not information relied upon by the FWS decisionmaker. Furthermore, this Court does not accept newspaper articles, of which Aland presents several, as undisputed factual evidence. While there might be some instance when the Court would judicially notice a newspaper article for some limited purpose, the Court struggles to hypothesize that scenario. Accordingly, the Court will

deny Aland's first eight motions for judicial notice.[1]

## 2.  Motion for Preliminary Injunction.

Aland also seeks a preliminary injunction to halt the FWS from implementing the

challenged rule.  (Plaintiff's Motion for Preliminary Injunction to Prevent Federal

Defendants from Implementing Final Agency Action Delisting Grizzly Bears in the

Greater Yellowstone Area and Restoring the Bears' Protected Status *Pendente Lite*, Dkt.

No. 109.)  "A plaintiff seeking a preliminary injunction must establish that he is likely to

succeed on the merits, that he is likely to suffer harm in the absence of preliminary relief,

that the balance of equities tips in his favor, and that an injunction is in the public

interest."  *Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, 129 S. Ct.

365, 374 (2008).

Yet, in this case, because Judge Malloy vacated the challenged rule and because

the FWS reinstated ESA protection for GYA grizzles, Aland cannot demonstrate that he

---

[1]Aland's third motion seeking judicial notice also moved the Court to "order
further inquiry for evidentiary purpose into the issues raised by [his Complaint]"
regarding official misconduct by Julie MacDonald, former Assistant Secretary for Fish
and Wildlife and Parks.  (Plaintiff's Motion Requesting Court to Take Judicial Notice of
Investigative Report by Federal Defendants and to Permit Inquiry into Improper Conduct
By Federal Defendants with Regard to Plaintiff's Motion for Summary Judgment, Dkt.
No. 98.)  Because the Court will deny the underlying motion for judicial notice and
because any evidence obtained in such an inquiry would similarly be extra-record, the
Court will deny that portion of the motion as well.

The Court does note that extra-record review is appropriate in instances of agency
bad faith.  *Ctr. for Biological Diversity*, 450 F.3d at 942.  However, the Court does not
find, based on Aland's showing, that bad faith affected the agency rule at issue here.

will suffer harm in absence of preliminary relief. Indeed, *Greater Yellowstone Coalition* effectively gave Aland the exact relief he requested. Accordingly, the Court will deny Aland's motion for preliminary injunction.

**3. Motion to Compel Settlement Meeting.**

Aland also moved this Court to compel the above-named defendants to meet with him. (Plaintiff's Motion to Compel Federal Defendants to Meet with Plaintiff to Discuss Resolution of Litigation, Dkt. No. 117.) Aland filed a memorandum in support of his motion, in which he argues that federal policy frequently changes so it would behoove the parties in this case to discuss their respective litigation positions, as those positions may have changed during the course of litigation. (Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel Federal Defendants to Meet with Plaintiff to Discuss Resolution of Litigation, Dkt. No. 117-1.) Aland maintains this position despite correspondence from defense counsel that expressly disagreed about the benefit of such a meeting. (Plaintiff's Memo. in Support of Motion to Compel at 2-3.)

Aland, in further support of his motion, asks the Court: "What harm could possibly result from such a meeting even if the result is not a resolution of the litigation? Why not give a meeting involving the parties a chance?" (Plaintiff's Reply to Federal Defendants' Response in Opposition to Plaintiff's Motion to Compel a Meeting with Plaintiff to Discuss Resolution of Litigation at 1-2, Dkt. No. 120.)

Beyond the expense to all parties involved, and the Court's belief, in light of defense counsel's letter to Aland and response to Aland's motion, that a meeting would

be fruitless, (Dkt. No. 119), the Court sees little harm in a conference between parties.

Yet that is hardly grounds to grant the motion. Aland's rhetorical pleas do not amount to

legal standards. There is no federal rule of civil procedure or local rule that forces

unwilling parties to participate in settlement discussions. This Court will not compel

parties to meet without some direct authority so dictating. The Court will deny Aland's

motion to compel a settlement meeting.

**4. Motion to Terminate Litigation Stay.**

Aland also moved this Court to lift a litigation stay he assumes to be in place.

(Plaintiff's Motion to Terminate Litigation Stay Requested by Federal Defendants, Dkt.

No. 133.) However, the Court never ordered this case stayed. Accordingly, the Court

will deny Aland's motion to terminate the litigation stay as moot.

**5. Cross-Motions for Summary Judgment.**

The Court has before it cross-motions for summary judgment. (Defendant-

Intervenor State of Wyoming's Motion for Summary Judgment, Dkt. No. 77; Plaintiff's

Motion for Summary Judgment with Regard to First through Ninth and Eleventh Claims

for Relief, Dkt. No. 79; Federal Defendants' Motion for Summary Judgment, Dkt. No.

80.) However, because the Court has determined to await an outcome of the pending

*Greater Yellowstone Coalition* appeal before deciding this case, the Court will deny those

motions without prejudice. However, the Court will expressly grant the parties leave to

refile, and amend as necessary, their summary judgment motions when this case is again

active.

**ORDER - 8**

# CONCLUSION

Based on the foregoing, the Court will deny the pending, non-dispositive motions ripe for decision. Additionally, the Court will deny, without prejudice, the pending cross-motions for summary judgment. Finally, the Court will stay this litigation while awaiting the Ninth Circuit's decision in *Greater Yellowstone Coalition*.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion Requesting Court to Take Judicial Notice of Newspaper Article (Dkt. No. 92) is **DENIED**;

2. Plaintiff's Second Motion Requesting Court to Take to Take [sic] Judicial Notice of Newspaper Articles Related to Plaintiff's Motion for Summary Judgment (Dkt. No. 97) is **DENIED**;

3. Plaintiff's Motion Requesting Court to Take Judicial Notice of Investigative Report by Federal Defendants and to Permit Inquiry into Improper Conduct by Federal Defendants with Regard to Plaintiff's Motion for Summary Judgment (Dkt. No. 98) is **DENIED**;

4. Plaintiff's Fourth Motion Requesting Court to Take Judicial Notice of (A) Public Notice and Memorandum of Understanding Involving Defendant-Intervenor State of Wyoming and States of Idaho and Montana and (B) Newspaper Article (Dkt. No. 121) is **DENIED**;

5. Plaintiff's Fifth Motion Requesting Court to Take Judicial Notice of (A) Federal Statute; (B) Federal Defendants News Release and Website; and (C) Associated Press Report (Dkt. No. 137) is **DENIED**;

6. Plaintiff's Sixth Motion Requesting Court to Take Judicial Notice of Adjudicative Facts in Articles in Chicago Tribune and Jackson Hole News and Guide (Dkt. No. 140) is **DENIED**;

7. Plaintiff's Seventh Motion Requesting Court to Take Judicial Notice of Adjudicative Facts on U.S. Geological Survey Internet Websites (Dkt. No. 145) is **DENIED**;

8. Plaintiff's Eighth Motion Requesting Court to Take Judicial Notice of Adjudicative Facts in (1) Whitebark Pine Report; (2) Federal Defendants' Notice Published in Federal Register on July 20, 2010; and (3) Federal Defendants' July 19, 2010, News Release (Dkt. No. 146) is **DENIED**;

9. Plaintiff's Motion for Preliminary Injunction to Prevent Federal Defendants from Implementing Final Agency Action Delisting Grizzly Bears in the Greater Yellowstone Area and Restoring the Bears' Protected Status *Pendente Lite* (Dkt. No. 109) is **DENIED**;

10. Plaintiff's Motion to Compel Federal Defendants to Meet with Plaintiff to Discuss Resolution of Litigation (Dkt. No. 117) is **DENIED**;

11. Plaintiff's Motion to Terminate Litigation Stay Requested by Federal Defendants (Dkt. No. 133) is **DENIED**;

12. Defendant-Intervenor State of Wyoming's Motion for Summary Judgment (Dkt. No. 77) is **DENIED WITHOUT PREJUDICE**;

13. Plaintiff's Motion for Summary Judgment with Regard to First through Ninth and Eleventh Claims for Relief (Dkt. No. 79) is **DENIED WITHOUT PREJUDICE**;

14. Federal Defendants' Motion for Summary Judgment (Dkt. No. 80) is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending resolution of the appeal to the Ninth Circuit of the Honorable Donald W. Malloy's decision in *Greater Yellowstone Coalition v. Servheen*, 672 F. Supp. 2d 1105 (D. Mont. 2009). Counsel shall provide notice to the Court regarding the Ninth Circuit's decision in that matter and shall promptly move to reopen this case. Additionally, the Court **GRANTS LEAVE** to all

ORDER - 10

parties to refile, and amend as necessary, summary judgment motions denied herein once this stay is lifted.



DATED:  **September 16, 2010**

Honorable Edward J. Lodge
U. S. District Judge